# SUPREME COURT OF THE UNITED STATES

## JASON SMALL *v.* MEMPHIS LIGHT, GAS & WATER

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 19–1388.   Decided April 5, 2021

The petition for a writ of certiorari is denied.

JUSTICE GORSUCH, with whom JUSTICE ALITO joins, dissenting from the denial of certiorari.

For over a decade, Jason Small worked as an electrician at Memphis Light, Gas & Water.  Then an on-the-job injury forced him into a new role as a dispatcher.  This job came with a different schedule and mandatory overtime duties. Sometimes the new hours conflicted with Mr. Small's religious obligations, like worship services on Sunday mornings.  So Mr. Small asked his employer to place him on reduced pay temporarily while he sought reassignment to a different position with a more conducive schedule.  The company had a history of offering this same accommodation to other employees, including those removed from their positions for unsatisfactory job performance.  But when it came to Mr. Small, the company balked.

That left Mr. Small to make the dispatcher role work as best he could.  For a period, things went smoothly enough. Mr. Small even used his vacation days when necessary to attend church.  Eventually, though, a problem arose.  Mr. Small asked to use some of his vacation time on Good Friday.  At first, the company agreed.  Then it backtracked, canceling his vacation request.  When Mr. Small went to church anyway, the company suspended him for two days without pay.

In response, Mr. Small filed suit seeking a ruling that the company's conduct violated Title VII.  That federal statute prohibits discrimination on the basis of race, color, religion,

sex, and national origin, and requires employers to afford requested religious accommodations unless doing so would impose an "undue hardship" on them. 78 Stat. 253, 255, 42 U. S. C. §§2000e(j), 2000e–2(a). At no point in the litigation did anyone suggest that Mr. Small's requested accommodation—reduced pay while he sought reassignment—would have imposed a significant hardship on his employer. Yet both the district court and Sixth Circuit rejected Mr. Small's claim all the same.

The courts explained that *Trans World Airlines, Inc.* v. *Hardison*, 432 U. S. 63 (1977), tied their hands. There, this Court dramatically revised—really, undid—Title VII's undue hardship test. *Hardison* held that an employer does not need to provide a religious accommodation that involves "more than a *de minimis* cost." *Id.*, at 84. So Mr. Small's requested accommodation might not have imposed a significant hardship on his employer. The company may extend poorly performing employees the very same relief Mr. Small sought. But the company had no obligation to provide Mr. Small his requested accommodation because doing so would have cost the company something (anything) more than a trivial amount. See *Small* v. *Memphis Light, Gas & Water*, 952 F. 3d 821, 825 (CA6 2020) (*per curiam*).

Now, Mr. Small asks us to hear his case and I would grant his petition for review. *Hardison*'s *de minimis* cost test does not appear in the statute. The Court announced that standard in a single sentence with little explanation or supporting analysis. Neither party before the Court had even argued for the rule. *Patterson* v. *Walgreen Co.*, 589 U. S. ___, ___ (2020) (ALITO, J., concurring in denial of certiorari). Justice Marshall highlighted all these problems at the time, noting in dissent that the *de minimis* cost test cannot be reconciled with the "plain words" of Title VII, defies "simple English usage," and "effectively nullif[ies]" the statute's promise. *Hardison*, 432 U. S., at 88, 89, 93, n. 6 (Marshall, J., dissenting).

Nor has time been kind to *Hardison*. In the intervening years, Congress has adopted additional civil rights laws using the "undue hardship" standard. And when applying each of those laws, courts are far more demanding. The Americans with Disabilities Act of 1990 (ADA) requires a covered employer to accommodate an employee's "known physical or mental limitations" unless doing so would impose an "undue hardship." 104 Stat. 332, 42 U. S. C. §12112(b)(5)(A). The Uniformed Services Employment and Reemployment Rights Act (USERRA) obliges an employer to restore a returning United States service member to his prior role unless doing so would cause an "undue hardship." 38 U. S. C. §§4303(10), 4313(a)(1)(B), (a)(2)(B). And the Affordable Care Act (ACA) provides that a covered employer must provide a nursing mother with work breaks unless doing so would impose an "undue hardship." 124 Stat. 577, 29 U. S. C. §207(r)(3). Under all three statutes, an employer must provide an accommodation unless doing so would impose "significant difficulty or expense" in light of the employer's financial resources, the number of individuals it employs, and the nature of its operations and facilities. See ADA, 42 U. S. C. §12111(10)(A) (added 1990); USERRA, 38 U. S. C. §4303(15) (added 1994); ACA, 29 U. S. C. §207(r)(3) (added 2010); cf. 11 U. S. C. §523(a)(8); 28 U. S. C. §1869(j).

With these developments, Title VII's right to religious exercise has become the odd man out. Alone among comparable statutorily protected civil rights, an employer may dispense with it nearly at whim. As this case illustrates, even subpar employees may wind up receiving more favorable treatment than highly performing employees who seek only to attend church. And the anomalies do not end there. Under the ADA, an employer may be required to alter the snack break schedule for a diabetic employee because doing so would not pose an undue hardship. *Spiteri* v. *AT & T Holdings, Inc.*, 40 F. Supp. 3d 869, 878 (E. D. Mich. 2014).

Yet, thanks to *Hardison*, at least one court has held that it would be an undue hardship to require an employer to shift a meal break for Muslim employees during Ramadan. *EEOC* v. *JBS USA, LLC*, 339 F. Supp. 3d 1135, 1181 (D. Colo. 2018). With *Hardison*, uneven results like these have become increasingly commonplace. See Brief for Muslim Advocates et al. as *Amici Curiae* 21–22 (collecting examples).

Not even Mr. Small's employer tries to defend this state of affairs. The company candidly acknowledges that *Hardison* "very likely is not the best possible gloss" on Title VII's language. Brief in Opposition 23. Two of the three judges on the panel below agreed, writing separately to explain their view that *Hardison* "rewr[o]te [the] statute." *Small*, 952 F. 3d, at 826–829 (Thapar, J., joined by Kethledge, J., concurring). Yet, today, this Court refuses even to entertain the question. It's a struggle to see why.

Maybe the most charitable explanation for the Court's inaction has to do with issue preservation. But if that's the worry, there is no reason for it. Both the district court and the court of appeals expressly passed on the question whether Mr. Small's employer violated Title VII by denying his requested accommodation. That is all our precedent demands. *United States* v. *Williams*, 504 U. S. 36, 41–43 (1992). The district court ruled that "placing Mr. Small back in the reassignment pool on reduced pay to wait for a job with hours more in line with [his] religious obligations would . . . place more than a de minimis burden on" the company. App. to Pet. for Cert. 35a. For that reason, the court said, the company "sufficiently satisfied its obligation to demonstrate . . . [an] undue hardship." *Ibid.* While two members of the Sixth Circuit panel assigned to Mr. Small's case doubted *Hardison*, none doubted what it required. Because his requested accommodation involved "more than [a] de minimis" cost, the court held, the company didn't have to provide it. *Small*, 952 F. 3d, at 825 (*per curiam*) (citing

circuit precedent following *Hardison*).

I cannot see what more we could reasonably require. Mr. Small insisted that his requested accommodation would not cause an undue hardship under Title VII. Both the district court and court of appeals rejected the argument relying expressly on *Hardison*. There is no barrier to our review and no one else to blame. The only mistake here is of the Court's own making—and it is past time for the Court to correct it.